UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY BRANDENBURG,

           Plaintiff,

   v.

WASHINGTON DEPARTMENT OF
CORRECTIONS et al.

           Defendants.

CASE NO. C13-5779 BHS-JRC

REPORT AND
RECOMMENDATION

NOTED FOR:
JULY 25, 2014

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

    The Court recommends dismissing this action with prejudice based on plaintiff's failure to file an amended complaint and his failure to comply with court orders. The authority for the dismissal is Fed. R. Civ. P. 41(b).

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY

Plaintiff filed a proposed compliant and motion to proceed in forma pauperis on September 5, 2013 (Dkt. 1).  On November, 4, 2013, the Court ordered plaintiff to file an amended complaint (Dkt. 10).  Plaintiff filed the amended complaint and, on December 9, 2013, the Court filed an order directing service (Dkt. 11 and 13).

Defendants filed a motion for a more definite statement (Dkt. 16).  The Court granted defendants' motion entering an order that gave plaintiff until March 21, 2014 to file an amended complaint that set forth his cause of action and identified how defendants acted (Dkt. 17).

Plaintiff failed to comply with that Court order.  The Court entered an order to show cause, directing plaintiff to file his amended complaint and show cause why he did not comply with the Court's earlier order (Dkt. 18).  The Court gave plaintiff until May 9, 2014, to comply (*id*.).  Further, the Court specifically warned plaintiff that if he did not comply, the Court would ask the district court to dismiss this action with prejudice (Dkt. 18).

Plaintiff again failed to comply.  On the due date of May 9, 2014, plaintiff filed a one paragraph letter asking for additional time.  Plaintiff asks the Court to give him until October 2014 to comply with the Court's order (Dkt. 19).  In that letter plaintiff states that he is in a minimum security setting and does not have access to a law library (*id*.).

Defendants responded to plaintiff's request for additional time (Dkt. 20).  Defendants show that plaintiff is allowed access to a law library.  Defendants oppose plaintiff's request and ask that the action be dismissed (*id*.).

Fed. R. Civ. P. 41(b) states:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of

1     jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

*See* Fed. R. Civ. P. 41(b).  Plaintiff has failed to prosecute his case and failed repeatedly to comply with the Court's orders.  Accordingly, the Court recommends dismissal of this action with prejudice.

    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 25, 2014, as noted in the caption.

    Dated this 30th day of June, 2014.

    J. Richard Creatura
    United States Magistrate Judge

REPORT AND RECOMMENDATION - 3